1    Alaya B. Meyers, Bar No. 199551
     ameyers@littler.com
2    Ian G. Robertson, Bar No. 283151
     irobertson@littler.com
3    Arya A. Zare, Bar No. 320653
     azare@littler.com
4    LITTLER MENDELSON P.C.
     18565 Jamboree Road
5    Suite 800
     Irvine, California 92612
6    Telephone: 949.705.3000
     Fax No.: 949.724.1201
7

8    Attorneys for Defendants
     ANDERSEN WINDOWS, INC. and
     ANDERSEN DISTRIBUTION, INC.
9

10             UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13    JUAN CARLOS RUIZ, individually, and    Case No.
     as a representative of other aggrieved
14    employees,      **NOTICE TO FEDERAL COURT**
                             **OF REMOVAL OF CIVIL**
15              Plaintiff,    **ACTION FROM STATE COURT**
                             **PURSUANT TO 28 U.S.C.**
16         v.      **SECTIONS 1332, 1441, AND 1446**

17    ANDERSEN WINDOWS, INC., a    *[Filed concurrently with the*
     Minnesota Corporation formerly known    *Declaration of Cassie Hanson; Notice*
18    as ANDERSEN CORPORATION;    *of Interested Parties; Notice of Related*
     ANDERSEN WINDOWS AND DOORS,    *Cases; Civil Case Cover Sheet]*
19    a Minnesota business organization, form
     unknown; ANDERSEN
20    DISTRIBUTION, INC., a Delaware
     corporation with principal place of
21    business Minnesota; ANDERSEN
     LOGISTICS, a Division of ANDERSEN
22    WINDOWS, INC,, business form
     unknown; and DOES 1 through 10,
23    inclusive,

24             Defendants.

25

26

27

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND PLAINTIFF**

2  **JUAN CARLOS RUIZ AND HIS ATTORNEYS OF RECORD:**

3  PLEASE TAKE NOTICE that Defendants ANDERSEN WINDOWS, INC.

4  ("AWI") and ANDERSEN DISTRIBUTION, INC. ("ADI") (collectively

5  "Defendants") hereby remove the above-entitled action, Case No. CIVSB2115588,

6  from the Superior Court of the State of California, County of San Bernardino, to the

7  United States District Court for the Central District of California, pursuant to 28 U.S.C.

8  sections 1332, 1441 and 1446.

9  ### STATEMENT OF JURISDICTION

10  1.  This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1),

11  and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a),

12  because it is a civil action wherein the amount in controversy exceeds seventy-five

13  thousand dollars ($75,000.00), exclusive of interest and costs, and it is between

14  "citizens of different States."

15  2.  As set forth below, this case meets all of Section 1332's requirements for

16  removal and is timely and properly removed by the filing of this Notice.

17  3.  Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391,

18  and 1446.

19  ### PLEADINGS, PROCESS, AND ORDERS

20  4.  This lawsuit arises out of Plaintiff JUAN CARLOS RUIZ's ("Plaintiff")

21  employment with ADI.  On June 3, 2021, Plaintiff filed a Complaint in the Superior

22  Court of the State of California, County of San Bernardino, styled *JUAN CARLOS RUIZ*

23  *V. ANDERSEN WINDOWS, INC., et al.*, bearing Case No. CIVSB2115588 (the

24  "Complaint" or "Compl."), which was not served on any of the named defendants to

25  Defendants' knowledge. On August 18, 2021, Plaintiff filed a First Amended Complaint

26  (the "FAC"). The FAC asserts the following eight causes of action: (1) Wrongful

27  Termination in Violation of Public Policy (Violation of Labor Code §§ 232.5, 1102.5,

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

2

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

6310, & 6400 *et seq.*); (2) Retaliation (Violation of Labor Code §§ 232.5, 1102.5, & 6310); (3) Discrimination Based on Medical Condition or Physical Disability; (4) Racial Discrimination; (5) Wrongful Termination (Harassment & Hostile Work Environment); (6) Labor Code Violations (Denial of Premiums for Rest Breaks and Meal Breaks); (7) Labor Code Violations (Failure to Pay Wages on Time, to Pay Wages Timely on Termination, to Provide Accurate Wage Statements, to Pay Overtime Wages, to Provide Time Wages Statements and to Maintain Accurate Payroll Records); and (8) Violation of Labor Code §§ 2698 *et seq.* ("PAGA").

5.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint, with exhibits, described in Paragraph 4.

6.      On September 3, 2021, Plaintiff served Defendants, through their corporate agents, with separate copies of the Summons and FAC, and the corresponding exhibits to the FAC.  Attached hereto as **Exhibit B** are true and correct copies of the respective Summons and FAC, served on each of the Defendants, described in this paragraph.

7.      On October 1, 2021, Defendants filed their Answer to Plaintiff's FAC. Attached as **Exhibit C** hereto is a true and correct copy of Defendants' Answer.

8.      Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto constitute all process, pleadings, and orders served upon Defendants or filed in this action.

## DEFENDANT

9.      Defendant ADI is a Delaware corporation with its principal place of business in the state of Minnesota.

10.     Defendant AWI is a Minnesota corporation with its principal place of business in the state of Minnesota.[1]

---

[1] AWI never employed Plaintiff. (Declaration of Cassie Hanson ("Hanson Decl.") ¶ 6.)

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4824-2150-3996.3 / 104627-1004

3

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

11.     Purportedly named defendants "ANDERSEN WINDOWS AND DOORS, a Minnesota business organization, form unknown" and "ANDERSEN LOGISTICS, a Division of ANDERSEN WINDOWS, INC." are erroneously named and not cognizable legal entities.  Because they are not cognizable legal entities, they could not have employed Plaintiff and could not be properly named as defendants.  Therefore, these non-existent entities must be disregarded for purposes of diversity.  *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816-7 (5th Cir. 1993) (named defendant found to be a sham defendant for diversity purposes where the named defendant was not actually a corporation and thus its role in the alleged wrongs was "legally impossible").  Furthermore, because "ANDERSEN WINDOWS AND DOORS, a Minnesota business organization, form unknown" and "ANDERSEN LOGISTICS, a Division of ANDERSEN WINDOWS, INC." are not cognizable legal entities, they have not been (and cannot be) properly served with the Summons and Complaint and need not join in the notice of removal.  *See Destfino v. Reiswig*, 630 F. 3d 952, 955 (9th Cir. 2011) (stating co-defendants not properly served need not join in the notice of removal).

12.     To the extent that Plaintiff attempts to allege that any of the entities in Paragraph 11 are doing business as ("DBAs") Defendants, these so-called DBAs would not be considered separately named defendants in this action, and, thus, are not considered for the purposes of diversity jurisdiction.  *Newcombe v. Adolf Coors, Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that only the named defendants' citizenship shall be considered for diversity purposes).

## TIMELINESS OF REMOVAL

13.     Plaintiff caused the Summons and FAC to be served on Defendants through their corporate agents on September 3, 2021.  This was the first notice Defendants had of the lawsuit.  Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendants were

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

4

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

effectively served with the Summons and Complaint and within one year after commencement of this action.

**DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1332**

14.    Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]"  This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a) and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

15.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff is a resident of the County of San Bernardino, State of California.[2]  (Compl., ¶ 1.)  Thus, Plaintiff is a citizen of California.

16.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's

---

[2] This allegation appears to have been mistakenly cut-off due to formatting issues in the FAC (FAC, ¶ 1), but was contained in the original Complaint.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4824-2150-3996.3 / 104627-1004

5

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

headquarters. *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

17.   At the time the Complaint and FAC were filed in state court, Defendant ADI was and still is a corporation incorporated under the laws of the state of Delaware. (Hanson Decl., ¶ 3.) At the time the Complaint and FAC were filed in state court, ADI's corporate headquarters were and still are located in Bayport, Minnesota. (*Id*.) Bayport, Minnesota is where ADI's corporate officers and board of directors direct, control and coordinate ADI's operations. (*Id*.) ADI's key executives, including its Chief Executive Officer, Chief Financial Officer, Chief Human Resources Officer, and Chief Legal Officer have their primary offices in Minnesota. (*Id*.) Thus, ADI's principal place of business is Bayport, Minnesota, and ADI is therefore a citizen of both Delaware and Minnesota for purposes of diversity.

18.   Defendant AWI never employed Plaintiff and thus is a sham defendant. (Hanson Decl., ¶ 6.) *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded).

19.   Even assuming, *arguendo*, that Plaintiff was employed by AWI, complete diversity would remain intact. At the time the Complaint and FAC were filed in state court, Defendant AWI was and still is a corporation incorporated under the laws of the state of Minnesota. (Hanson Decl., ¶ 4.) At the time the Complaint and FAC were filed in state court, AWI's corporate headquarters were and still are located in Bayport, Minnesota. (*Id*.) Bayport, Minnesota is where AWI's corporate officers and board of directors direct, control and coordinate AWI's operations. (*Id*.) AWI's key executives, including its Chief Executive Officer, Chief Financial Officer, Chief Human Resources Officer, and Chief Legal Officer have their primary offices in Minnesota. (*Id*.) Thus, AWI's principal place of business is Bayport, Minnesota, and AWI is therefore a citizen of Minnesota for purposes of diversity.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

6

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

20.     As discussed in Paragraph 11 above, "ANDERSEN WINDOWS AND DOORS, a Minnesota business organization, form unknown" and "ANDERSEN LOGISTICS, a Division of ANDERSEN WINDOWS, INC." are erroneously named and not cognizable legal entities, and, thus, must be disregarded for purposes of diversity.

21.     The Complaint names as defendants "DOES 1 through 10, inclusive." Pursuant to 28 U.S.C. section 1441, however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe,* 157 F.3d at 690-91 (9th Cir. 1998).

22.     As discussed in detail below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332 (a) for each Plaintiff. *Pinel v. Pinel*, 240 U.S. 594, 596 (1916); *Griffith v. Sealtite Corp.*, 903 F.2d 495, 496 (7th Cir. 1990) (workers' claim for wages due under a single employment contract were "separate and distinct").

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

23.     Defendants need only show by a preponderance of the evidence (more-probable-than-not) that each of the Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Although Defendants expressly deny any liability for the damages alleged in Plaintiff's FAC, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not the amount, if any, that Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

7

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446

24.     The FAC and the Prayer for Relief contained therein clearly demonstrate that the amount in controversy does, in fact, exceed $75,000 for Plaintiff.  Plaintiff seeks recovery of lost wages and other employment benefits.  (FAC, ¶¶ 28, 36, 49, 59, 66 and Prayer for Relief.)  Plaintiff alleges that his employment was terminated effective June 4, 2020.[3]  (FAC, ¶ 18.)  If, by way of example, this case proceeds to trial in October 2022, approximately one year from the date of this removal, Plaintiff would be seeking a total of two years and four months (i.e., approximately 122 weeks) of lost wages.  At the time of his separation from ADI, Plaintiff was a full-time employee earning $28.20 an hour.  (Hanson Decl. ¶ 5.)  Thus, Plaintiff's claim for back pay, without considering overtime, benefits or any incentive pay, could be as high as **$137,616.00** ($28.20 x 40 hours per week x 122 weeks), which alone exceeds the jurisdictional minimum.

25.     As referenced above, the FAC seeks lost wages. In addition to back pay, front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518, 241 Cal. Rptr. 916 (1987) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97-98, 127 Cal. Rptr. 222 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705, 101 Cal. Rptr. 169 (1972) (ten years).  Even conservatively estimating that Plaintiff is seeking front pay benefits for two years after trial, Plaintiff would be claiming **$117,312.00** ($28.20 x 40 hours per week x 104 weeks) in front pay.

26.     Plaintiff also seeks to recover damages for emotional distress (FAC, ¶¶ 28, 36, 49, 50, 59, 60, 66, 67, and Prayer for Relief).  An award of damages for emotional distress alone can reasonably be anticipated to be in excess of the jurisdictional minimum.  *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and citing a case awarding $3.5 million in

[3] Defendant ADI's records indicate that Plaintiff's employment with ADI ended on June 5, 2020. (Hanson Decl., ¶ 5.)

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

8

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446

emotional distress damages).  In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980.  At a minimum, a similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and a significantly greater amount of lost wages is at issue.  Thus, based on *Kroske* and other employment cases, the emotional distress component of Plaintiff's claims adds at least **$25,000.00** to Plaintiff's amount in controversy.

27.    Plaintiff further alleges he was not provided premiums for missed meal breaks and rest breaks during his employment.  (FAC, ¶¶70-76.)  He also alleges unfair competition and seeks a 4-year statute of limitation, which Plaintiff would presumably argue extends the statute of limitations on meal period and rest break claims to June 3, 2017 (FAC, ¶¶82; see Business and Professions Code § 17208).  At $28.20 per hour and a five-day per week workweek for 156 workweeks from June 3, 2017 until his separation of employment with ADI on June 5, 2020, he would presumably claim up to $21,996.00 in missed meal breaks and up to $21,996.00 for missed rest breaks. This amount totals **$43,992.00**.

28.    Plaintiff alleges violation of Labor Code section 226 regarding wage statements. (FAC, ¶¶ 78-81 and Prayer for Relief.) Labor Code section 226(c) provides for penalties in the amount of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." This could amount to up to **$4,000.00**.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4824-2150-3996.3 / 104627-1004

9

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446

29.     Plaintiff also alleges waiting time penalties. (FAC, ¶¶ 78-81 and Prayer for Relief.)  While Defendants deny the validity and merit of Plaintiff's waiting time penalties, for purposes of removal only, this amount is added to the amount in controversy by applying the maximum penalty authorized under Section 203 of the California Labor Code of 30 days' pay.   At $28.20 per hour, there is an estimated damages figure for this claim of **$6,768.00** (30 days x 8 hours per day x $28.20).

30.     Plaintiff further seeks an award of reasonable attorneys' fees.  (FAC, ¶¶ 52, 69, 83 and Prayer for Relief.)  Although Defendants dispute that Plaintiff is entitled to any recovery, the California Fair Employment and Housing Act, Government Code section 12940, *et seq.* (the "FEHA") authorizes an award of reasonable attorneys' fees to a prevailing plaintiff with respect to Plaintiff's causes of action for alleged FEHA violations.   Cal. Gov't Code § 12965(b).   In addition, there is no dispute that at least some of the California wage and hour laws that form the basis of the Complaint entitle a prevailing plaintiff to an award of attorneys' fees, such as Labor Code sections 218.5, 226, and 1194.  When authorized by statute, attorneys' fees are included in the calculation of the amount of Plaintiff's claims to determine whether the requisite jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (stating that in deciding the amount in controversy issue, the court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail).   Although Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume they could exceed a damages award.  *Simmons*, 209 F. Supp. 2d at 1035; *see, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees in the amount of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000); *Flannery v.*

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4824-2150-3996.3 / 104627-1004

10

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

*Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042).  Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000 threshold for Plaintiff.

31.     Plaintiff's Complaint also seeks exemplary/punitive damages.  (Compl., ¶¶ 29, 37, 51, 61, 68, and Prayer for Relief.)  The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F. Supp. 2d at 1009.  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  A punitive damages award may equal as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge action where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum.  *Id.* at 334.  Thus, an award of punitive damages to Plaintiff could alone exceed the jurisdictional minimum for Plaintiff.

32.     Plaintiff also seeks "other such relief as the Court deems just and proper." (FAC, Prayer for Relief.)  Although uncertain in amount, these unspecified damages increase the amount in controversy.  *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4824-2150-3996.3 / 104627-1004

11

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000).

33.     Without considering Plaintiff's claims for failure to pay overtime wages, failure to maintain accurate payroll records, and PAGA, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Thus, Defendant has more than carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00 for Plaintiff.

34.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## NOTICE TO STATE COURT AND PLAINTIFF

Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Law Offices of Gary R. Carlin, APC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of San Bernardino.

Dated:        October 1, 2021

LITTLER MENDELSON P.C.


*/s/ Arya A. Zare*
Alaya B. Meyers
Ian G. Robertson
Arya A. Zare
Attorneys for Defendants
ANDERSEN WINDOWS, INC. and
ANDERSEN DISTRIBUTION, INC.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

12

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

1

**PROOF OF SERVICE BY MAIL**

2        I am employed in Orange County, California.  I am over the age of

3   eighteen years and not a party to the within-entitled action.  My business address is

4   18565 Jamboree Road, Suite 800, Irvine, California  92612.  I am readily familiar with

5   this firm's practice for collection and processing of correspondence for mailing with

6   the United States Postal Service.  On October 1, 2021, I placed with this firm at the

7   above address for deposit with the United States Postal Service a true and correct copy

8   of the within document(s):

9
10          **NOTICE TO FEDERAL COURT OF REMOVAL OF**
       **CIVIL ACTION FROM STATE COURT PURSUANT**
11          **TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**

12   in a sealed envelope, postage fully paid, addressed as follows:
       Gary R. Carlin, Esq.
13          Lawrence M. Boesch, Esq.
       LAW OFFICES OF GARY R. CARLIN, APC
14          301 East Ocean Blvd., Suite 1550
15          Long Beach, CA  90802
       Phone:       562.432.8933
16

17          Email:     gary@garycarlinlaw.com
                  lawrence@garycarlinlaw.com
18          Attorneys for Plaintiffs
19          *Juan Carlos Ruiz*

20        Following ordinary business practices, the envelope was sealed and

21   placed for collection and mailing on this date, and would, in the ordinary course of

22   business, be deposited with the United States Postal Service on this date.

23        I declare that I am employed in the office of a member of the bar of this

24   court at whose direction the service was made.

25        Executed on October 1, 2021, at Irvine, California.

26
27   _____

28          Cecilia Mendoza

4824-2150-3996.3 / 104627-1004

13

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4824-2150-3996.3 / 104627-1004

14

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT PURSUANT TO 28 U.S.C.
SECTIONS 1332, 1441, AND 1446